UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTIAN RODRIGUEZ,



Plaintiff,



vs.

COMPLAINT

THE CITY OF NEW YORK, SCHOOL SAFETY
OFFICER JUAN ALICEA, and SCHOOL SAFETY
OFFICERS JOHN DOE AND RICHARD ROE (names
and number of whom are unknown at present)

JURY TRIAL
DEMANDED



Defendants
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.  This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff a student at Samuel Gompers High School in the Bronx was assaulted and falsely arrested by a school safety officer while on school property. Plaintiff was deprived of his constitutional and common law rights when the individual defendants utilized excessive force, committed an unwarranted and malicious assault and battery on plaintiff, unlawfully confined plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and plaintiff resides in this district.

## PARTIES

5. Plaintiff, Christian Rodriguez, is a resident of the County of Bronx, State of New York.

6. School Safety Officer, Juan Alicea, shield number 1237, of the School Safety Division, was at all times relevant herein an officer, employee, and agent of the New York City Police Department which is responsible for the School Safety Division. On the date of the incident, March 19, 2007, Officer Juan Alicea, was assigned to Samuel Gompers High School in the Bronx.

Officer Alicea is being sued herein in his individual capacity and official capacity.

7. School Safety Officers John Doe and Richard Roe are and were at all times relevant herein officers, employees, and agents of the New York City Police Department. On the date of the incident Officer John Doe and Richard Roe were assigned to Samuel Gompers High School in the Bronx. Officers John Doe and Richard Roe are being sued herein in their individual capacity and official capacity.

8. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department and a school safety division which acts as its agent in the area of law enforcement within schools and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of the school safety agency and the employment of school safety officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

10. On March 19, 2007, plaintiff was a sixteen year old student at Samuel Gompers High School located in Bronx, New York.

11. While attending class plaintiff was asked by his teacher to leave the classroom because he was talking too much.

12. As plaintiff was about to leave the classroom, school safety officers including defendant, Juan Alicea, entered the classroom and began to escort plaintiff out of the room.

13. Plaintiff did not struggle with the officers and complied with their request that he exit the classroom.

14. In the hallway outside the classroom plaintiff was pushed by defendant Alicea.

15. Plaintiff told the officer not to push him.

16. Defendant Alicea then grabbed plaintiff and tried to throw him against the wall.

17. Plaintiff fell to ground and the officer jumped on top of him.

18. Plaintiff did not struggle with the officer.

19. While on the ground defendant Alicea took his handcuffs held them in his hands and struck plaintiff repeatedly in the back of the head with those handcuffs.

20. Plaintiff began to bleed from the head and he was taken to the nurse's office.

21. Emergency Medical Technicians were called to treat plaintiff and he was then taken to Lincoln Hospital.

22. Plaintiff sustained lacerations to his head which required stitches.

23. After being treated at the hospital plaintiff was charged with Assault in the Third Degree, Resisting Arresting, and Harassment and taken to court for his arraignment.

24. As a result of the false allegations made by defendant Alicea, plaintiff was suspended from high school.

25. On April 8, 2008, after numerous appearances in court the criminal case against plaintiff was dismissed by a Judge of the Criminal Court of the City of New York.

26. The assault on plaintiff by defendants was far in excess of their rightful authority as school safety officers. This assault on plaintiff was made without proper cause.

27. The assault, malicious prosecution, false imprisonment, and false arrest of plaintiff by defendants caused plaintiff to sustain physical pain and suffering and psychological and emotional trauma.

28. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 28 with the same force and effect as if more fully set forth at length herein.

30. Defendants Juan Alicea and John Doe and Richard Roe who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth

Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

31. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 30 with the same force and effect as if more fully set forth at length herein.

32. The use of excessive force by defendants Juan Alicea and John Doe and Richard Roe, all acting in concert, in striking plaintiff about the head was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

### Assault

33. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 32 with the same force and effect as if more fully set forth at length herein.

34. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s)

caused apprehension of such contact in the plaintiff.

35. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

36. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Battery

37. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length herein.

38. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

39. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

40. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### False Arrest

41. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

43. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

44. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Malicious Prosecution

45. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to plaintiff.

47. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

48. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## SEVENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

49. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully set forth at length herein.

50. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Juan Alicea, and John Doe and Richard Roe individuals who were unfit for the performance of school safety law enforcement duties on March 19, 2007, at the aforementioned location.

51. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

52. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Christian Rodriguez shall recover compensatory damages in the sum of $500,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $500,000 against the individual defendants, jointly and severally.

    a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

    b. That the plaintiff have such other and further relief as the Court shall deem just and proper.


DATED:     December 29, 2008
           New York, New York

_____
EARL S. WARD, ESQ. (EW 2875)
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5070

Attorney for Plaintiff